# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00740-KLM

BARBARA JOHNSON,

    Plaintiff,

v.

CONCRETE EXPRESS INCORPORATED,

    Defendant.

---

## DEFENDANT'S ANSWER TO COMPLAINT
___

Defendant, Concrete Express Incorporated, by counsel, Moye White LLP, submits the following Answer to Plaintiff's Complaint and Jury Demand:

### I. PARTIES

1. CEI is without information sufficient to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. CEI admits that it is a Colorado corporation and an employer under 29 U.S.C. § 630. The number of CEI's employees fluctuates, so CEI denies that portion of paragraph 2.

3. CEI denies engaging in any unlawful employment practices and therefore, denies that 29 U.S.C. § 623 has any applicability to this action. CEI admits that it employs persons within the State of Colorado. CEI denies any remaining allegations contained in paragraph 3.

### ADMINISTRATIVE HISTORY

4. CEI admits that Plaintiff initiated Charge of Discrimination No: 541-2016-00826 (the "Charge") with the Equal Employment Opportunity Commission

("EEOC") claiming discrimination on the basis of age, sex, and disability. CEI denies any remaining allegations contained in paragraph 4.

5. CEI is without information or knowledge sufficient to admit or deny Plaintiff's allegation that she provided information to the EEOC. CEI denies any unlawful employment practices and further denies that Plaintiff was constructively discharged.

6. CEI admits that Plaintiff received a November 20, 2018 letter from the EEOC. CEI denies that paragraph 6 contains a complete or accurate recitation of that letter which is a document that speaks for itself.

7. CEI is without knowledge or information sufficient to admit or deny the date that Plaintiff received the Right to Sue letter from the EEOC.

## FACTUAL ALLEGATIONS

8. Paragraph 8 does not contain new allegations that warrant a new response. To the extent that a response is required, CEI denies the allegations contained in paragraph 8.

9. CEI admits the allegations contained in paragraph 9.

10. CEI admits the allegations contained in paragraph 10.

11. CEI denies the allegations contained in paragraph 11.

12. CEI is without information sufficient to admit or deny the allegation regarding Plaintiff's specific diagnosis. CEI admits that Plaintiff requested the ability to work from home during certain periods in her employment and that CEI did everything possible to accommodate Plaintiff's request. CEI denies that Plaintiff was terminated.

13. CEI admits that Plaintiff requested permission to work from home and that CEI made reasonable efforts to accommodate Plaintiff's request and did allow her to work from how.

14. CEI is without information sufficient to admit or deny the allegations contained in paragraph 14 regarding any specific diagnoses of Plaintiff or other employees of CEI.

15. CEI admits that 2014 bonuses were paid out to employees that earned a bonus for 2014. CEI admits that Plaintiff received some bonuses during prior years.

16. CEI admits that Plaintiff did not earn a full bonus in 2014 and denies any remaining allegations contained in paragraph 16.

17. CEI denies the allegations contained in paragraph 17.

18. CEI denies the allegations contained in paragraph 18.

19. CEI denies the allegations contained in paragraph 19.

20. CEI denies the allegations contained in paragraph 20.

21. CEI denies the allegations contained in paragraph 21.

22. CEI denies the allegations contained in paragraph 22.

23. CEI denies the allegations contained in paragraph 23.

24. CEI admits that it paid bonuses to employees that earned bonuses on December 18, 2015 and that Ms. Johnson did not earn a bonus in 2015. CEI denies the remaining allegations contained in paragraph 24.

25. CEI admits that Ms. Johnson cleaned out her entire office on December 18, 2015 and stormed out of the office. CEI admits that Plaintiff's network access was shut off later that evening following a threat from Plaintiff to damage the company with her access to sensitive information. CEI admits that Plaintiff sent a text to Mr. O'Dea and that he did not respond.

26. CEI denies the allegations contained in paragraph 26.

27. CEI admits that it posted job openings after Plaintiff quit her job. CEI denies the remaining allegations contained in paragraph 27.

**FIRST CLAIM FOR RELIEF**
**(Age Discrimination under the ADEA)**

28. CEI incorporates its responses to all prior paragraphs as if fully set forth herein.

29. CEI denies the allegations contained in paragraph 29.

30. CEI denies the allegations contained in paragraph 30.

31. CEI denies the allegations contained in paragraph 31.

32. CEI denies the allegations contained in paragraph 32.

33. CEI denies the allegations contained in paragraph 33.

## SECOND CLAIM FOR RELIEF
## (Disability Discrimination – ADA/ADAAA)

34. CEI incorporates its responses to all prior paragraphs as if fully set forth herein.

35. CEI admits that it is an employer but denies that the bill referenced in paragraph 35 has any applicability to this action.

36. CEI is without knowledge or information sufficient to admit or deny Plaintiff's current medical condition and therefore denies the allegations contained in paragraph 36.

37. CEI denies the allegations contained in paragraph 37.

38. CEI denies the allegations contained in paragraph 38.

39. CEI denies the allegations contained in paragraph 39.

40. CEI denies the allegations contained in paragraph 40.

## THIRD CLAIM FOR RELIEF
## (Retaliation – ADA § 12203)

41. [33]. Plaintiff's Complaint is mis-numbered and continues from paragraph 40 to paragraph 33 [sic]. CEI incorporates its responses to all prior paragraphs as is fully set forth herein.

42. [34.] CEI denies the allegations contained in paragraph 34 [sic].

43. [35.] CEI denies the allegations contained in paragraph 35 [sic].

44. [36.] CEI denies the allegations contained in paragraph 36 [sic].

45. [37.] CEI denies the allegations contained in paragraph 37 [sic].

46. [38.] CEI denies the allegations contained in paragraph 38 [sic].

## FOURTH CLAIM FOR RELIEF
### (Termination in Violation of Public Policy)

47. [39.] CEI incorporates its responses to all prior paragraphs as if fully set forth herein.

48. [40.] CEI denies the allegations contained in paragraph 40 [sic].

49. [41.] CEI denies the allegations contained in paragraph 41 [sic].

50. [42.] CEI denies the allegations contained in paragraph 42 [sic].

51. [43]. CEI denies the allegations contained in paragraph 43 [sic].

52. [44.] CEI denies the allegations contained in paragraph 44 [sic].

53. [45.] CEI denies the allegations contained in paragraph 45 [sic].

54. [46.] CEI denies the allegations contained in paragraph 46 [sic].

55. [47.] CEI denies the allegations contained in paragraph 47 [sic].

## GENERAL DENIAL

CEI hereby denies all allegations contained in Plaintiff's Complaint which it did not expressly admit.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by her failure to exhaust administrative remedies as the EEOC provided Plaintiff with a right to sue with regard to a bonus and not with regard to her separation from her employment with CEI.

3. The Court lacks subject matter jurisdiction over this matter based on the doctrine of res judicata and/or claim preclusion as Plaintiff was already determined to be at-fault for her separation from her employment by Industrial Claims Appeals Office and by the Colorado Court of Appeals.

4. Plaintiff's alleged damages were caused by her own actions, including without limitation, her failure and refusal to perform basis job duties, even with reasonable accommodations.

5. Plaintiff's Complaint contains allegations that are groundless and frivolous.

DATED: April 22, 2019

Respectfully submitted,

MOYE WHITE LLP

s/ *Scott C. James*
James R. Cage, #10153
Scott C. James, #42745
1400 16th Street, 6th Floor
Denver, CO 80202
Telephone: (303) 292-7925
Facsimile: (303) 292-4510
Email: jim.cage@moyewhite.com
Email: scott.james@moyewhite.com

ATTORNEYS FOR DEFENDANT

# **CERTIFICATE OF SERVICE**

  I hereby certify that on April 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following emails addresses:

Sara A. Green
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Sara.green@colorado law.net

                s/ *Scott C. James*